UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILDRED B., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 23 CV 4955 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mildred B. appeals from the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse and remand [11] is granted, the Commissioner's motion for summary judgment [18] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

In June 2015, plaintiff applied for supplemental security income based on an alleged onset date of September 25, 2013. [8-1] 19. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 19-37. After the Appeals Council denied review in February 2019, plaintiff appealed to this Court. This Court reversed the decision denying benefits and remanded for further proceedings. [8-2] 1474-84; *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849 (N.D. Ill. May 31, 2022). On remand, the ALJ issued a partly favorable decision, concluding that plaintiff was not disabled before July 27, 2019, but became disabled on that date and continued to be disabled through March 31, 2023, the date of the ALJ's decision. [8-2] 1392-1414. Plaintiff has again appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [8-1, 8-2, 8-3], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [7].

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since applying for benefits. [8-2] 1394. At step two, the ALJ determined that plaintiff had the following severe impairments: COPD, degenerative joint disease of the bilateral knees and shoulders, obesity, status-post fracture and repair of the left hand, depressive disorder, and anxiety disorder. [*Id.*] 1394-95. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 1395-98. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity (RFC) to perform light work except that, as relevant to the pending appeal, plaintiff could have no interactions with the general public, only brief and superficial interactions with coworkers, and no more than occasional interactions with supervisors. [*Id.*] 1398-1413. At step four, the ALJ held that plaintiff had no past relevant work. [*Id.*] 1413. At step five, the ALJ determined that jobs existed in significant numbers in the national economy that plaintiff could perform: hand packer (317,000 jobs), assembler (198,000) jobs, and sorter (120,000 jobs). [*Id.*] 1413-14. The ALJ accordingly concluded that plaintiff was not disabled before July 27, 2019.[3]

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ did not comply with this Court's remand order because she did not explain why, despite giving "good weight" to the opinions of state agency psychologist Joseph Cools, the social restrictions she incorporated into the RFC were less restrictive than those identified by Dr. Cools. *See* [11] 5-8. The Court agrees that a remand is required–again–so that the ALJ can correct this "critical error." *Mildred B.*, 2022 WL 1746489, at *6.[4]

---

[3] Plaintiff's age category changed on July 27, 2019, and the ALJ concluded that there were no jobs in the national economy that plaintiff could perform on and after that date. [8-2] 1414.
[4] Because this issue is dispositive, the Court need not address plaintiff's second ground for a remand.

2

In plaintiff's first appeal, the Court ordered a remand based on "the ALJ's failure to explain why she did not incorporate the social limitations that Dr. Cools identified into plaintiff's [RFC]." *Mildred B.*, 2022 WL 1746849, at *6. Dr. Cools, the state agency psychologist who reviewed plaintiff's claim at the reconsideration stage, opined that plaintiff was moderately limited in her ability to maintain socially appropriate behavior. [8-1] 116-17. More specifically, Dr. Cools found that plaintiff could "relate adaptively to others only on a casual basis," "would be unable to sustain close, frequent, confrontational contact with others," and "would behave in a socially appropriate manner with only brief superficial contact with others." [*Id.*] 117. The ALJ agreed that plaintiff was moderately limited in her ability to interact with others, and she gave "considerable weight to the opinions of the State agency non-examining consultants." [*Id.*] 23, 35. Nevertheless, the ALJ did not mention Dr. Cools's opinion regarding plaintiff's social limitations, nor did she explain why–in contrast to Dr. Cools–she concluded that plaintiff was capable of occasional interactions with supervisors. *See Mildred B.*, 2022 WL 1746489, at *6. The Court concluded that this was a "critical error because the [vocational expert's] testimony confirmed that, if plaintiff had been limited to only brief superficial contacts with supervisors, plaintiff would be precluded from working[.]" *Id.* Finally, although the Commissioner argued that the ALJ had cited substantial evidence to support a conclusion that plaintiff could tolerate occasional interactions with supervisors, the Court held that "[t]he ALJ's oblique discussion of cherry-picked evidence of plaintiff's supposedly minor limitations in social interactions does not constitute substantial evidentiary support for holding that plaintiff could have occasional interactions with supervisors, *particularly where the ALJ failed to mention Dr. Cools's contrary opinion.*" *Id.*, at *7 (emphasis added).

On remand, the ALJ understood this Court's order as requiring her to correct "an inadequate explanation supporting the social limitations found within the residual functional capacity." [8-2] 1392. Again, however, the ALJ failed to mention Dr. Cools's opinion about plaintiff's social limitations anywhere in her decision, and she again failed to explain why–despite giving that opinion "good weight," especially "in regards to the period prior to the established onset date" of July 27, 2019–she concluded that plaintiff was capable of tolerating more than brief, superficial contacts with supervisors. [*Id.*] 1411.

Just as it did in the first appeal, the Court concludes here that the ALJ's failure to explain why she did not include the social limitations identified by Dr. Cools in the RFC warrants a remand.

Most importantly, there is no indication whatsoever in the ALJ's decision that the ALJ in fact considered Dr. Cools's opinion about plaintiff's social limitations. When the ALJ framed the issue before, she did not mention Dr. Cools's opinion that plaintiff was capable of only occasional interactions with others, *see* [8-2] 1392, despite Dr. Cools's opinion being an express basis of this Court's remand order. When

3

the ALJ evaluated the opinion evidence, she did not mention Cools's opinion respecting plaintiff's social limitations. [*Id.*] 1411-12. Likewise, when she assessed the severity of plaintiff's social limitations at step three, the ALJ did not consider Dr. Cools's opinion–despite the obvious relevance of the opinion to that issue. [*Id.*] 1396-97. For these reasons, the Court cannot conclude that the ALJ complied with this Court's remand instructions, which required her to "consider all evidence in the record and *to directly address the limitations identified by Dr. Cools*," *Mildred B.*, 2022 WL 1746489, at *7 (emphasis added). A remand is required based on this issue alone. *See Payal K. v. Saul*, No. 18 C 7867, 2021 WL 1600173, at *8 (N.D. Ill. Apr. 23, 2021) (mandate rule "requires a lower court to adhere to the commands of a higher court").[5]

In addition, and contrary to the Commissioner's arguments, *see* [18] 3-6, the ALJ's discussion of plaintiff's social limitations at step three of her analysis did not cure the ALJ's failure to address Dr. Cools's opinion.

At step three, the ALJ found that plaintiff was moderately limited in her ability to interact with others but was capable of occasional interactions with supervisors. As she had in the first decision, on remand the ALJ found that plaintiff (1) "report[ed] occasional episodes of anger or irritability" but that "her symptoms are generally well controlled," (2) experienced visual and auditory hallucinations that "interfere[d] with her social interactions and how she is perceived by others," though the hallucinations, too, could be controlled via medication; and (3) "experienced exacerbations of anger and irritability" but that such exacerbations were "rare and always manifested with family interactions." [8-2] 1396. Based on her review of the record, the ALJ found that plaintiff was "consistently described as pleasant, appropriate and cooperative . . . which I have found supports a conclusion that the claimant's interactions with individuals in positions of authority are not as limited as her interactions with peers or the public." [*Id.*] 1396-97.

As the Court concluded in the first appeal, the Court again holds that the ALJ's consideration of this evidence "does not constitute substantial evidentiary support for

---

[5] Plaintiff bases her argument for remand on the law of the case doctrine, which "requires that an administrative agency, on remand from a court, conform its further proceedings in the case to the principles set forth in the judicial decision[.]" *Payal K.*, 2021 WL 1600173, at *8 (internal quotation marks omitted). "But that doctrine applies only if the court decides an issue on the merits," *Douglas G. v. Bisignano*, No. 22 CV 5135, 2025 WL 1696427, at *2 (N.D. Ill. June 17, 2025), and here the Court made no decision as to the merits of Dr. Cools's opinion. It simply required the ALJ to consider his opinion when considering what social limitations should be included in the RFC. *See Mildred B.*, 2022 WL 1746489, at *7 ("the Court does not mean to imply that the ALJ had to find that plaintiff's social limitations were as severe as Dr. Cools concluded"). But even if plaintiff's claim were properly raised under the law of the case doctrine, a remand would be required because the ALJ clearly failed to conform her decision to this Court's instruction that she consider Dr. Cools's opinion on plaintiff's social limitations.

4

holding that plaintiff could have occasional interactions with supervisors, *particularly where the ALJ failed to mention Dr. Cools's contrary opinion.*" *Mildred B.*, 2022 WL 1746489, at *7 (emphasis added). Because "applicable regulations consider state agency psychologists [such as Dr. Cools] to be highly qualified experts in Social Security disability evaluation," *Lisa G. v. O'Malley*, 2024 WL 4590745, at *7 (N.D. Ill. Oct. 28, 2024) (internal quotation marks omitted), the Court cannot assume that the ALJ's evaluation of the evidence of plaintiff's social functioning would have been the same had she considered it alongside of Dr. Cools's expert opinion. Moreover, as the Court observed in the first appeal, there is ample evidence in the record that is consistent with Dr. Cools's opinion–and appears to undermine the ALJ's determination that only "family interactions" caused plaintiff to experience exacerbations in her anger and irritability:

> [P]laintiff's son testified at the hearing that his mother "has anger issues and did not trust anyone," "gets angry over the littlest thing," and "tries to get physical." In another part of her decision, the ALJ observed that plaintiff "had been arrested . . . for throwing a man down the stairs" and "reported feelings of anger and wanting to hurt others." Finally, plaintiff testified at the hearing to the difficulties she had managing conflicts with other people while riding the bus to her therapy appointments.

*Mildred B.*, 2022 WL 1746489, at *7 (internal citations omitted).

Plaintiff's brief in this appeal highlights additional evidence in the record that appears consistent with Dr. Cools's opinion that plaintiff could tolerate only brief and superficial interactions with others:

- In September 2015, plaintiff reported "temper outbursts and 'seeing red.'" [8-1] 965.

- In June 2017, plaintiff–despite presenting with a euthymic mood–told her provider that she was "easily irritable, easily frustrated," "unable to control her mood," and had "unpredictable behavior." Plaintiff said that "I have been fighting people, every small thing ticks me off. I have been going from high to low within seconds." [*Id.*] 982.

- In August 2017, plaintiff reported that "she couldn't ever really give her previous [therapist] a chance because he was too young" and "talked about anger being her biggest problem." [*Id.*] 988.

- Plaintiff testified at the hearing on remand that she "got angry" with a new therapist because "some of the persons he kept wanting to ask and wanted me to talk about . . . I didn't want to talk about." [8-2] 1458-59

5

Again, while the Court is not ruling that there is no substantial evidence in the record to support a finding that plaintiff could tolerate occasional interactions with supervisors, it was incumbent upon the ALJ to consider this evidence in the first instance and decide whether it supported Dr. Cools's opinion.

Finally, absent a more complete explanation, the Court questions whether treaters' brief observations of plaintiff during appointments as polite and cooperate are indicative of an ability to tolerate occasional interactions–that is, interactions running from "from very little up to one-third of the time" and for "no more than about 2 hours of an 8-hour workday"–on a regular basis. "[A]ny inference from the fact that [plaintiff] is sometimes able to appear with normal behavior, normal mood, appropriate demeanor during her medical appointments is limited, given that mental health patients are often much more comfortable with familiar treatment providers than they would be in a work setting." *Grzegorski v. Saul*, No. 19-CV-1661, 2020 WL 5047555, at *7 (E.D. Wis. Aug. 26, 2020).

On remand, the ALJ must evaluate Dr. Cools's opinion the plaintiff's moderately limited ability to interact with others means that "[s]he is able to relate adaptively to others only on a casual basis," "[s]he would be unable to sustain close, frequent, confrontational contact with others," and "[s]he would behave in a socially appropriate manner with only brief superficial contact with others." [8-1] 117. The ALJ must also explain what weight is given to Dr. Cools's opinion and provide substantial evidentiary support for that conclusion.

## Conclusion

Plaintiff's motion to reverse and remand [11] is granted and defendant's motion for summary judgment [18] is denied. The decision of the Social Security Administration finding that plaintiff was not disabled before July 27, 2019, is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 15, 2025**